JAY B. KLINE, RESPONDENT, *v.* WILLIAM G. COREY, APPELLANT.

*Amended complaint — when the defendant, by answering the allegations of both the original and amended complaint, waives the objection that the original is superseded by the amended pleading — when the original and amended pleading will be considered as consolidated.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was brought in the County Court of Tompkins county to recover the sum of $800, as the agreed price for certain services rendered and disbursements made by the plaintiff as an attorney. The original complaint was verified October 13, 1877, and set forth the cause of action, but it was not stated therein, as required by section 340 of the Code of Civil Procedure, that the defendant was a resident of the county. October 15, 1877, a complaint called an amended complaint was verified and served, alleging simply that both of the parties to the action were residents of the county of Tompkins and nothing more. October twenty-seventh the defendant served a verified answer in which he admitted that the parties resided as stated in the amended complaint, and that the plaintiff had rendered some services, and made some disbursements as an attorney in behalf of the defendant; but denied that he had agreed to pay $800, or any sum therefor. May 31, 1878, the action was referred by stipulation to Francis M. Finch to hear and determine.

When the cause came on for trial before the referee, the defendant objected to any evidence being given on the part of the plaintiff, and asked for a judgment dismissing the action, upon the ground that the amended complaint did not state facts sufficient to constitute a cause of action, whereupon the plaintiff, over the defendant's objection, was allowed to consolidate the two complaints, and the trial proceeded. This ruling was the principal error assigned by the appellant.

The court at General Term said : " We are of the opinion that the defendant having treated both complaints as one in his answer, by expressly answering the allegations contained in both, waived his right to take advantage of the rule, that an amended complaint supersedes the original. Having joined issue upon both, as one, and gone down to trial without objection, the referee would have been justified in holding that the two complaints were consolidated, and in proceeding to try the issue raised by the parties without entering an order for the consolidation of the two complaints. In this view, it is unnecessary to consider whether the referee had power to consolidate the complaints or not, for, in effect, they had been consolidated by the action of the defendant."

*Wilbur F. Osborn*, for the appellant. *Jay B. Kline*, respondent in person.

Opinion by FOLLETT, J. ; LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.